IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH STROUP                                                                                      PLAINTIFF
ADC #500510


v.                                        5:18cv00252-JM-JJV


WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                                  DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Kenneth Stroup ("Plaintiff") is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In his Complaint, he alleges, *inter alia*, that Defendant Does, Warden James Gibson, Deputy Warden Jared[1] Byers, and Director Wendy Kelley subjected him to excessive force on September 28, 2017. (*Id.*) He also sues Defendants for "improper training." (*Id.* at 4.) Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id.* at 7.)

Defendants Kelley, Gibson, and Byers have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. (Doc. Nos. 18-20.) Plaintiff responded by moving for a voluntary dismissal and admitting he "did miss a step in the administrative remedies [] due to [his] lack of knowledge in the law and little to no

---

[1] The Clerk is directed to amend the docket to reflect the correct first name of Defendant Byers.

2

assistance from the institution and because of [his] indigent status [he] cannot afford a lawyer. . . ." (Doc. No. 21.)

After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and this cause of action should be dismissed without prejudice. I further find Plaintiff's Motion to Dismiss should be DENIED.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

    **A.   Defendants Wendy Kelley, James Gibson, and Jared Byers**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 20-1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.* at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."

(*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendants Kelley, Gibson, and Byers contend Plaintiff did not fully exhaust any grievance against them pertaining to the claims in this lawsuit. (Doc. No. 19 at 4.) In support of their argument, they submit the Affidavit of Terri Brown, the ADC's Inmate Grievance Supervisor. (Doc. No. 20-2.) Ms. Brown states:

> I reviewed the grievance files for Mr. Stroup. Upon that review, I found that Mr. Stroup filed an informal grievance concerning the subject of his current complaint on October 5, 2017, and then resubmitted it as a formal grievance, but failed to appeal the resolution of the grievance to the ADC Deputy/Assistant Director within five working days as required by AD 14-16 §IV(G). Because Stroup failed to appeal the resolution of this grievance to the ADC Deputy/Assistance Director, he failed to exhaust the available administrative remedies as required by AD 14-16.
> . . .
> I found during my review of Mr. Stroup's grievance files that he filed another grievance, number VU 17-00758, on October 15, 2017. This grievance was rejected on October 20, 2017 for being untimely. Mr. Stroup appealed to the ADC Deputy/Assistant Director, who concurred with the decision to reject his grievance for untimeliness. Accordingly, because Mr. Stroup failed to file grievance number VU 17-00758 within fifteen days of the alleged incident, which occurred on

>September 28, 2017, he failed to exhaust his administrative remedies as required by AD 14-16.

(*Id.* at 3.)

Defendants have provided copies of the two grievances. (Doc. No. 20-3.) The evidence plainly shows Plaintiff failed to file or fully exhaust any grievance against Defendants Kelley, Gibson, and Byers pertaining to the claims in this lawsuit. Therefore, he failed to "complete the administrative review process in accordance with the applicable procedural rules" with respect to his claims against these Defendants. *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Plaintiff's claims against these Defendants should be dismissed without prejudice.

### B. Doe Defendants

On October 15, 2018, I gave Plaintiff ninety (90) days to serve the Doe Defendants. (Doc. No. 5 at 3.) He was advised that failure to timely and properly file a Motion for Service would result in his claims against these defendants being dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*)

More than ninety (90) days has now passed and Plaintiff has not provided any information whereby these defendants could be served. Therefore, his claims against these Defendants should be dismissed without prejudice on this basis alone.

Additionally, given the evidence provided in the instant Motion for Summary Judgment, Mr. Stroup has also failed to exhaust his administrative remedies against the Doe Defendants because he never fully exhausted any grievance stemming from the events alleged in his Complaint. I am mindful that the United States Supreme Court has established that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 215 (2007). But "[A] complaint may be subject to dismissal under Rule 12(b)(6) when

6

an affirmative defense . . . appears on its face." *Id*. at 215.  And "[u]nder *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007); see also *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.")  So, Plaintiff's claims against the Doe Defendants should also be dismissed for failing to exhaust his administrative remedies.

        **C.**    **Plaintiff's Motion**

I recommend denying Plaintiff's Motion to voluntarily dismiss his lawsuit.  (Doc. No. 21.)  Dismissal will be without prejudice, regardless.  But Defendants should have their Motion adjudicated and they deserve to have the merits of their Motion addressed.  Therefore, Plaintiff's Motion should be DENIED.

**IV.**    **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 18) be GRANTED.

2.    Plaintiff's claims against Defendants Wendy Kelley, James Gibson, and Jared Byers be DISMISSED without prejudice for failure to exhaust administrative remedies;

3.    Plaintiff's claims against the Doe Defendants be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and for failure to exhaust administrative remedies;

4.    This cause of action (Doc. No. 1) be DISMISSED without prejudice.

5.    Plaintiff's Motion to dismiss (Doc. No. 21) be DENIED.

6.       The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE